UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| v. | : | Hon. Stacey D. Adams, U.S.M.J. |
| CHRISTIAN JOHNSON | : | Mag. No. 24-15184 |

I, Ryan Richards, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and that this Complaint is based on the following facts:

**SEE ATTACHMENT B**

/s/ Ryan Richards

Ryan Richards, Special Agent
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

Special Agent Ryan Richards attested to this Complaint by telephone pursuant to Fed. R. Crim. Pro. 4.1(b)(2)(A) on September 27th, 2024 in the District of New Jersey

Honorable Stacey D. Adams
United States Magistrate Judge

/s/ Hon. Stacey D. Adams, U.S.M.J.

Signature of Judicial Officer

## ATTACHMENT A

## COUNT ONE
(Hobbs Act Robbery)

On or about April 18, 2022, in Bergen County, in the District of New Jersey and elsewhere, the defendant,

**CHRISTIAN JOHNSON,**

did knowingly and willfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce and the movement of articles and commodities in commerce, by robbery, and committed and threatened physical violence to persons and property in furtherance thereof, and did aid and abet the same.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

**COUNT TWO**
(Hobbs Act Robbery)

On or about April 18, 2022, in Bergen County, in the District of New Jersey and elsewhere, the defendant,

**CHRISTIAN JOHNSON,**

did knowingly and willfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce and the movement of articles and commodities in commerce, by robbery, and committed and threatened physical violence to persons and property in furtherance thereof, and did aid and abet the same.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

**COUNT THREE**
(Using, Carrying, and Brandishing a Firearm
During and in Relation to a Crime of Violence)

On or about April 18, 2022, in Bergen County, in the District of New Jersey, and elsewhere, the defendant,

**CHRISTIAN JOHNSON,**

during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, namely, the Hobbs Act Robbery charged in Count One of this Complaint, did knowingly use and carry a firearm, which firearm was brandished, and did aid and abet the same.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

**COUNT FOUR**
(Using, Carrying, and Brandishing a Firearm
During and in Relation to a Crime of Violence)

On or about April 18, 2022, in Bergen County, in the District of New Jersey, and elsewhere, the defendant,

**CHRISTIAN JOHNSON,**

during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, namely, the Hobbs Act Robbery charged in Count Two of this Complaint, did knowingly use and carry a firearm, which firearm was brandished, and did aid and abet the same.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

## ATTACHMENT B

I, Ryan Richards, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). The information contained in this Complaint is based upon my personal knowledge, my conversations with other law enforcement officers, and information obtained from other sources, including: (a) statements made or reported by various witnesses with knowledge of relevant facts; (b) my review of publicly available information; and (c) my review of evidence, including video surveillance, police reports, and other documents. Because this Complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

### Background of the Investigation

1. Law enforcement, including the ATF, has been investigating two armed robberies (the "Robberies") which occurred in Bergen County, New Jersey on or about April 18, 2022. Over the course of the investigation, as described herein, law enforcement has identified the defendant, Christian Johnson ("JOHNSON"), as a perpetrator of the Robberies.

### The Little Ferry Hotel Robbery ("Robbery-1")

2. Video surveillance footage (the "Hotel Video Footage") obtained from a hotel in Little Ferry, New Jersey (the "Hotel") shows that on or about the early afternoon of April 18, 2022, JOHNSON and another male ("Individual-1") exited a silver vehicle in the parking lot of the Hotel and proceeded on foot towards the Hotel. The Hotel Video Footage depicts JOHNSON wearing a maroon sweater with the distinctive logo of a fashion brand and the brand's name written on the front in white print, light blue pants, white and black sneakers, and carrying a white cellular telephone. The Hotel Video Footage also depicts Individual-1 wearing black pants with a white stripe, black shoes, a black hat, and a black sweater, as well as a blue jacket.

3. The Hotel Video Footage also shows that shortly after JOHNSON and Individual-1 arrived at the Hotel, they entered a hallway inside the Hotel, and later followed another individual male ("Victim-1") while he walked towards, and entered, a Hotel room. JOHNSON and Individual-1 then pushed open the door to Victim-1's Hotel room. The Hotel Video Footage shows a dog exiting the Hotel room and approaching JOHNSON and Individual-1. Individual-1 then struck the dog in the face with a brandished firearm.

4. After subduing the dog, JOHNSON and Individual-1 entered the room. They each displayed firearms in the direction of Individual-1 and directed him to remain seated on a couch located inside the room. JOHNSON and Individual-1 searched the room, stealing belts and other items from various locations within the room, and placing several of the stolen items into pillowcases taken from the Hotel room.

5. The Hotel Video Footage further shows that, approximately nine minutes after entering the Hotel room, JOHNSON and Individual-1 left the room carrying the stolen belts and other items in their hands and in pillowcases belonging to the Hotel. JOHNSON and Individual-1 then entered the same silver vehicle in which they arrived earlier, which had remained parked in the Hotel parking lot. The silver vehicle then departed the parking lot.

6. At all times material to this Complaint, the Hotel was a commercial establishment that did business with out-of-state suppliers and customers, and which affected interstate commerce.

**The Garfield Residence Robbery ("Robbery-2")**

7. Approximately one hour after committing Robbery-1, JOHNSON and Individual-1 broke into a residence in Garfield, New Jersey (the "Residence") to commit another robbery. The Residence was approximately six miles away from the Hotel where Robbery-1 occurred.

8. Video surveillance footage obtained from a neighbor of the Residence (the "Residential Video Footage") shows JOHNSON and Individual-1 approaching the Residence on foot prior to Robbery-2. The Residential Video Footage also depicts JOHNSON wearing the same clothing that he wore during Robbery-1, including a maroon sweater, light blue pants, and black and white sneakers. JOHNSON can be seen using a white cellular telephone as he and Individual-1 approached the Residence.

9. The Residential Video Footage also depicts Individual-1 wearing the same clothing that he wore during Robbery-1: black pants with a white stripe, black shoes, a black hat, and a black sweater. However, Individual-1 no longer wore the blue jacket that he wore during Robbery-1.

10. JOHNSON and Individual-1 forced open the side door of the Residence, as well as the door to the basement apartment within the Residence. While brandishing firearms, JOHNSON and Individual-1 then stole ecstasy, marijuana, and other items from the basement apartment of the Residence.

11. Shortly after Robbery-2 occurred, law enforcement recovered a white cellular telephone—which matched the appearance of the same telephone JOHNSON used during both Robberies—from inside the Residence (the "Phone"). Law enforcement subsequently conducted a lawful search of the contents of the Phone. The Phone contained hundreds of photographs of JOHNSON and multiple photographs of an identification card for JOHNSON which included his picture and listed his date of birth and social security number. The Phone also contained e-mails addressed to JOHNSON's full name, as well as documents which listed JOHNSON's full name, date of birth, and other identifying information. Among other images, the Phone contained a screenshot of a college application which contained JOHNSON's home address, date of birth, race, gender, email address, cellular telephone number, and full name—including middle name. It also contained a request for a transcript from JOHNSON's high school, which listed his full name—including middle name—phone number, date of birth, last four digits of JOHNSON's social security number, and the year of his graduation from high school.[1]

12. A search of the Phone's location data further demonstrated that it was in the area of Robbery-1 and Robbery-2 during the same time periods during which the Hotel Video Footage and the Residential Video Footage each depict JOHNSON at the Hotel and the Residence, respectively.

13. Controlled substances such as ecstasy and marijuana affect interstate commerce.

---

[1] The date of birth, social security number, address, full name, and other information listed in the photographs and documents on the Phone each match the identifying information for JOHNSON contained in law enforcement databases.